

**DAVID M. ESKEW**
(646) 970-7342 (direct dial)
deskew@aellaw.com
aellaw.com

**256 Fifth Avenue, 5th Floor**
**New York, New York 10001**

December 20, 2023

**By ECF**

The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   <u>U.S. v. Chi Kwan Wong</u>, Crim. No. 23-88 (HG)

Dear Judge Gonzalez:

This letter is submitted on behalf of defendant Chi Wong regarding counsel's potential trial conflict in February 2024 and to respond to the Court's questions in the docket entry dated December 18, 2023.

First, the Court requested details regarding the case that is creating a potential scheduling conflict. I am currently scheduled for trial on February 26, 2024, in the matter of the *U.S. v. Jeffrey Andrews, et al.*, Crim. No. 20-578 (MCA), pending before the Honorable Madeline Cox Arleo in the U.S. District Court for the District of New Jersey (the "DNJ Case"). I am co-counsel to Adam Brosius, one of three remaining defendants in the DNJ Case, all of whom are expected to proceed to trial in February. Mr. Brosius is charged in a multi-count indictment with conspiracy to commit healthcare fraud; substantive healthcare fraud; conspiracy to violate the Antikickback Statute; and substantive violations of the Antikickback Statute. The DNJ Case was indicted on July 10, 2020, during the pandemic, and has been pending ever since. The case was initially assigned to the Honorable John Michael Vazquez but was reassigned to Judge Arleo on July 20, 2023, in light of Judge Vazquez's retirement from the bench.

Second, the Court requested the date on which the DNJ Case was scheduled for trial. On August 15, 2023, shortly after taking over the case from Judge Vazquez, Judge Arleo conducted a status conference and set February 26, 2024 as the date for the start of trial. The DNJ Case was previously set for trial on November 27, 2023, but was moved to accommodate Judge Arleo's trial

calendar. Understandably, the Court may be frustrated that I did not alert the Court to the February 26 trial date at the September 7 status conference in this case. I am sorry for my failure to communicate this potential scheduling issue. At the time, the parties were working on a potential plea deal, which both parties hoped could avoid the need for a trial. Following the September 7 status conference, the parties had a lengthy meeting in which defendant's attorneys provided a detailed presentation to the government. Following that meeting, the parties expected that a plea deal might be reached. Those talks fell apart earlier this week, however, resulting in the parties' joint letter to the Court. Nonetheless, my focus on a plea deal does not excuse my failure to more promptly alert the Court to the potential conflict between the two federal cases. Again, I very respectfully apologize to the Court for that oversight and am aware that the Court's schedule should not depend on the availability of any party or lawyer.

Importantly, it is not clear that the present scheduling conflict will persist. The DNJ Case has been plagued by discovery delays, in part, because there are voluminous records that include potentially privileged communications. Despite the DNJ Case having been charged over three years ago, the government last week made additional Rule 16 disclosure of important discovery materials that were just released from filter review, along with an expert disclosure. The defendants have just begun to review those voluminous materials. Consequently, on December 11, 2023, defendants in the DNJ Case filed a joint request seeking an adjournment of the February 26 trial date. It was my hope that the DNJ Case would be promptly adjourned and there would be no conflict to report to the Court in this case. As of the submission of this letter, however, that adjournment request in the DNJ Case is still pending without a ruling, which led to my suggestion to the government that we seek an adjournment in this case.

Based upon the foregoing, I respectfully request that the Court allow one more week for Judge Arleo to consider and rule on the request for an adjournment in the DNJ Case, which may obviate the need for any rescheduling in this matter. I thank the Court for its consideration of this matter.

Respectfully submitted,

Abell Eskew Landau LLP

By: David M. Eskew
*Counsel for Defendant*

Cc:    Miriam L. Glaser Dauermann, AUSA