

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MGD/AB
F. #2023R00063

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 22, 2023

<u>By Email and ECF</u>

David Eskew, Esq.
Abell Eskew Landau LLP
256 Fifth Avenue, 5th Floor
New York, New York 10001

      Re:    United States v. Chi Kwan Wong
             <u>Criminal Docket No. 23-88 (HG)</u>

Dear Counsel:

      The government hereby provides notice regarding certain evidence that it may seek to introduce at trial in the above-referenced case. The government contends that the evidence detailed in this letter is directly relevant to the crimes charged in the indictment and therefore is admissible under Federal Rule of Evidence 402. Even if the evidence constituted evidence of "crimes, wrongs, or other acts" under Federal Rule of Evidence 404(b), the evidence is not being offered to establish the defendant's character (and that he acted in accordance with that character on particular occasions), but rather to prove opportunity, common plan or scheme, and absence of mistake. Accordingly, the evidence detailed below is admissible.

      The indictment charges the defendant with conspiring to pay illegal kickbacks and bribes to individuals who agreed to permit the defendant's pharmacy, A Star Pharmacy ("A Star"), to bill Medicare for prescriptions under their names. The government expects testimony at trial to establish that the defendant co-owned another pharmacy at which he attempted to establish a system of paying illegal kickbacks and bribes to patients in the form of supermarket coupons, cash, store credit or waiver of co-payments. The testimony will further establish that the individual to whom the defendant suggested this system declined to implement it and discussed with the defendant the fact that such payments were illegal. This evidence is directly relevant and admissible for the non-propensity purposes of establishing, among other things, (1) knowledge that the payment of remuneration to pharmacy customers was illegal, (2) that this was a common plan or scheme of the defendant's in the pharmacies in which he worked, and (3) that the illegal kickback and bribe scheme at A Star was not a mistake or accident.

The government reserves the right to supplement this notice sufficiently in advance of trial. If you have any questions, please do not hesitate to contact us.

Very truly yours,

BREON PEACE
United States Attorney
Eastern District of New York

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: /s/ Miriam L. Glaser Dauermann
Miriam L. Glaser Dauermann
Acting Assistant Chief
Arun Bodapati
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
(718) 254-7575