

**DAVID M. ESKEW**
(646) 970-7342 (direct dial)
deskew@aellaw.com
aellaw.com

**256 Fifth Avenue, 5th Floor
New York, New York 10001**

November 1, 2024

**By ECF**

The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>U.S. v. Chi Kwan Wong, Crim. No. 23-00088 (HG)</u>

Dear Judge Gonzalez:

    We write on behalf of defendant Chi Wong seeking a modification of the terms of Mr. Wong's probationary sentence to permit Mr. Wong to work during the 6-month period of home incarceration. The U.S. Attorney's Office and the U.S. Probation Office both take no position regarding this request.

    On October 16, 2024, Your Honor sentenced Mr. Wong to a two-year term of probation for conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349. *See* Judgment (ECF #48). The Court ordered that the first six months of Mr. Wong's probation are to be served on home incarceration beginning on November 4, 2024. *Id.* at 4. Mr. Wong is permitted to leave the home for "medical necessities, including mental health treatment, court appearances and other activities ordered by the Court." *Id.* There is no reference to Mr. Wong's employment during the period of home incarceration, though the standard conditions of probation require Mr. Wong to maintain fulltime employment.

    As the Court is aware from the PSR, defendants' sentencing submissions and the sentencing hearing, Mr. Wong formed his own business, Absol Capital LLC, to establish a new career path following the criminal indictment against him. Mr. Wong's business operates as a fulfillment service, fulfilling orders primarily for Walmart and to a lesser extent for Amazon. The business now operates out of a warehouse located at 719 Berriman Street, Brooklyn, New York. This is the address for which Mr. Wong seeks permission to travel in order to continue operating his business.

It is important that Mr. Wong be able to continue his employment during the period of home incarceration for a few reasons. First, while there are a small number of tasks that Mr. Wong can complete remotely from home—including creating product content and advertisements—the vast majority of the work is "hands-on" at the warehouse. This work includes receiving shipments, packing and sending orders to customers, daily inventory checks, and organizing products. The business also uses the warehouse to handle returns and to inspect products before submitting claims to Walmart. Second, assigning these tasks to someone other than Mr. Wong would be nearly impossible. Mr. Wong no longer has a co-owner for the business, and he only has one employee at the warehouse who is not fluent in English and requires daily instruction from Mr. Wong. At times, Mr. Wong's mother assists him, but she also does not speak English and cannot use a computer, which makes delegation unrealistic. Mr. Wong has attempted to find someone who can temporarily run the business in his absence but he has been unable to find a suitable replacement with the specific knowledge, skill set, and desire to do so. In short, without Mr. Wong present, the business will struggle to operate and will likely have to close. Third, the business's monthly rent and utility expenses are approximately $6,000 per month, and Mr. Wong signed three-year lease for the warehouse space. Additionally, many of the products Mr. Wong ships are food or beverage products that may expire during that time. Thus, closure of the business—even for a temporary 6-month period—will likely result in financial hardship and may impact the business's ability to resume operations.

Finally, we note (as detailed in the PSR), Mr. Wong suffers from clinical depression and anxiety. Continuing to work during the period of home incarceration will be beneficial to Mr. Wong's mental health. We also note that the standard conditions of probation require Mr. Wong to maintain fulltime employment (at least 30 hours per week) or actively seek such employment. ECF #48 at 3. Thus, permitting Mr. Wong to work during the period of home incarceration will permit Mr. Wong to comply with this probation condition once the home incarceration ends. Indeed, from a practical perspective, maintaining Mr. Wong's current employment will be far easier than attempting to find a new job and career path in six months, particularly with a felony conviction.

Based on the foregoing, we respectfully request that the Court modify the terms of Mr. Wong's probation to permit him to work during the period of home incarceration on a schedule to be approved by Probation. Doing so will permit Mr. Wong to remain engaged in his business and keep it afloat. This will, in turn, benefit Mr. Wong's mental health, further his ability to earn a wage and make payments towards the large restitution judgment in this case, and comply with the employment condition of his probationary sentence.

We thank the Court for its consideration of this request.

                                                                                 Respectfully submitted,

                                                                                 Abell Eskew Landau LLP

                                                                                 /s/ David M. Eskew

                                                                                By: David M. Eskew
                                                                                *Counsel for Defendant*

Cc:    Miriam L. Glaser Dauermann, AUSA
        Sabrina Gargano, U.S. Probation